UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

OBI IFEDIGBO,

                Plaintiff,

v.                                         **DECISION AND ORDER**
                                                   13-CV-637S

BUFFALO PUBLIC SCHOOLS,
JOSEPH GIUSIANA, and
OLIVIA LICATA,

                Defendants.

1. In this action, Plaintiff Obi Ifedigbo alleged that his employer, Defendant Buffalo Public Schools ("BPS"), and two BPS employees discriminated against him based on his race and violated his due process rights, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and 42 U.S.C. §§ 1981, 1983, and 1985. On March 12, 2018, this Court granted Defendants' motion for summary judgment on each of Ifedigbo's claims. See Ifedigbo v. Buffalo Pub. Schs., 13-CV-637S, 2018 WL 1256197 (W.D.N.Y. Mar. 12, 2018.) The Clerk of Court entered judgment in Defendants' favor the next day. (Docket No. 29.)

2. On March 30, 2018, Ifedigbo timely filed a motion for reconsideration under Rule 59 (e) of the Federal Rules of Civil Procedure. (Docket Nos. 30, 36.) Defendants oppose the motion. (Docket No. 34.) For the following reasons, Ifedigbo's motion is denied.

3. A district judge may modify pre-trial rulings and interlocutory orders at any time prior to final judgment. See In re United States, 733 F.2d 10, 13 (2d Cir. 1984). Reconsideration of a prior decision is generally justified in any one of the following three

circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); see also Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

4. The decision whether to grant or deny a motion to reconsider lies in this Court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding and Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F. Supp. 538, 541 (M.D.Pa. 1993)). Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision. See Duane, 1994 WL 494651 at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

5. Upon consideration of Ifedigbo's motion, this Court is not convinced that its prior decision must be revisited. Ifedigbo requests reconsideration of this Court's decision granting Defendants summary judgment, but he does not persuasively allege

any of the three circumstances under which reconsideration may be warranted. See Virgin Atl. Airways, 956 F.2d at 1255. Instead, Ifedigbo simply reargues and rehashes the same points he made in opposition to Defendants' motion. These arguments have already been raised, considered, and rejected. See Ifedigbo, 2018 WL 1256197, at *1-17.

6. Ifedigbo is obviously dissatisfied with this Court's decision, but use of a motion to reconsider as a vehicle to reargue a case is improper. See Nossek, 1994 WL 688298, at *1; United States v. Chiochvili, 103 F. Supp. 2d 526, 530-31 (N.D.N.Y. 2000) (reargument is not a proper basis for a motion to reconsider); Schonberger, 742 F. Supp. at 119 ("the provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided"). Accordingly, reconsideration is denied.

7. Rule 59 (e) allows for reconsideration to alter or amend a judgment upon motion filed no later than 28 days after its entry. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Relief can also be granted to "correct a clear error or prevent manifest injustice." Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc., 38 F.3d 1279, 1287 (2d Cir. 1994) (quoting Virgin Atl., 956 F.2d at 1255). The existence of new evidence may also justify reconsideration. See Virgin Atl., 956 F.2d at 1255.

8. The rule is not, however, "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Nor is it "an opportunity for a party to 'plug[ ] the gaps of a lost motion with additional matters.'" Cruz v. Barnhart, No. 04 Civ. 9794 (DLC), 2006 WL 547681, at *1 (S.D.N.Y. Mar. 7, 2006) (quoting Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). The decision to grant a Rule 59 (e) motion falls within the sound discretion of the court. New York v. Holiday Inns, Inc., No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993). Nonetheless, relief under Rule 59 (e) "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Universal Trading & Inv. Co. v. Tymoshenko, No. 11 Civ. 7877 (PAC), 2013 WL 1500430, at *1 (S.D.N.Y. Apr. 10, 2013) (citing Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

9. Here, although Ifedigbo's Rule 59 motion is timely, he simply seeks to relitigate his unsuccessful positions. Ifedigbo is certainly entitled to raise his alleged errors on appeal, but for purposes of Rule 59, he has not demonstrated that this Court overlooked material matters or that this Court's decision contains clear error or constitutes a manifest injustice. For these reasons, Ifedigbo's motion under Rule 59 is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Reconsideration (Docket No. 30) is DENIED.


SO ORDERED.

Dated: June 10, 2018
       Buffalo, New York

                                                    s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge